IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

GENE V. MARTIN, JR,

               Petitioner,

     vs.

SHANNON MCCLOUD,

               Respondent.

No. 3:20-cv-00174-JKS

ORDER
[Re: Request for Counsel and
Directing Service and Response]

On July 17, 2020, Gene V. Martin, Jr., a state prisoner proceeding *pro se*, filed a Petition

for Writ of Habeas Corpus under 28 U.S.C. § 2254 ("Petition"). Docket No. 1. Martin is

currently in the custody of the Alaska Department of Corrections ("DOC") and incarcerated at

Wildwood Correctional Center. In the Petition, Martin challenges his 2009 conviction for

manufacturing methamphetamine following a jury trial in the Alaska Superior Court, Case No.

3PA-08-387CR, on the grounds that evidence used against him was obtained as the result of an

unconstitutional search and seizure and he was deprived of the effective assistance of counsel.

*Id.*

This Court previously reviewed the Petition pursuant to Rule 4 of the Rules Governing

Section 2254 Cases and explained that the ineffective assistance of counsel claim asserted in

Ground 2 has been raised to the Alaska state courts only by way of Martin's currently-pending

application for post-conviction in the Alaska Court of Appeals. Docket No. 3 at 4. The Court

-1-

explained that the ineffective assistance claim was thus unexhausted, and gave Martin the option of deleting it and proceeding on the exhausted search and seizure claim, or voluntarily dismissing his Petition in its entirety which would allow Martin to re-file a federal habeas petition raising both claims once total exhaustion had been achieved. *Id.* at 5-6. In response, Martin has voluntarily dismissed the unexhausted ineffective assistance claim, Docket No. 5, and filed an Amended Petition that asserts only the exhausted search and seizure claim, Docket No. 4.

Martin also states in the Amended Petition that he needs an attorney. Docket No. 4 at 15. While this Court is not unmindful of the plight of unrepresented state prisoners in federal habeas proceedings, there is no constitutional right to counsel in federal habeas proceedings. *See Lawrence v. Florida*, 549 U.S. 327, 336-37 (2007) (citing *Coleman v. Thompson*, 501 U.S. 722, 756-57 (1991)). Appointment of counsel is not required in a habeas corpus proceeding in the absence of an order granting discovery or an evidentiary hearing. *See* Rules Governing Section 2254 Cases in the U.S. District Courts, Rule 6(a), 8(c). This Court may under the Criminal Justice Act appoint counsel in this case if it determines that the interests of justice so require. 28 U.S.C. § 2254(h); 18 U.S.C. § 3006A(a)(2)(B); *see Weygandt v. Look*, 718 F.2d 952, 954 (9th Cir. 1983) ("In deciding whether to appoint counsel in a habeas proceeding, the district court must evaluate the likelihood of success on the merits as well as the ability of the petitioner to articulate his claims *pro se* in light of the complexity of the legal issues involved.").

At this time, Martin's request for counsel is premature. The Court cannot determine whether appointment of counsel is warranted in this case until it is able to thoroughly review the briefing in its entirety. The Court will therefore deny, without prejudice to renew, Martin's motion for appointment of counsel. The Court will not reconsider a motion to appoint counsel until it has thoroughly reviewed Respondent's answer to the Petition.

-2-

**IT IS THEREFORE ORDERED:**

1.  The request for appointment of counsel pursuant to 18 U.S.C. § 3006A is

    **DENIED WITHOUT PREJUDICE.**

2.  The Clerk of the Court is directed to serve this order and the Amended Petition at

    Docket No. 4 on:

    > Tamara DeLucia
    > Office of Criminal Appeals
    > 1031 W. 4th Ave, Suite 200
    > Anchorage, Alaska 99501

3.  By agreement between the Court and the Office of Criminal Appeals, the Office

    of Criminal Appeals will accept service on behalf of the Respondent.[1] **Once an**

    **attorney is assigned to this case by the Office of Criminal Appeals, that**

    **attorney shall immediately—and in no more than fourteen (14) days from**

    **the date of this order—file a notice of appearance.**

4.  Respondent shall file and serve either an answer or a motion in response to the

    Petition within sixty (60) days from the date of this Order. *See* Rule 4, Rules

    Governing § 2254 Cases. The Court also notes its preference that procedural

    issues be addressed concurrently with the merits of the habeas petition. Any

    response shall be accompanied by any and all transcripts or other documents

    relevant to the determination of the issues presented in the application. *See* Rules

    4 and 5, Rules Governing § 2254 Cases. This should include a copy of:

    > (1) any brief that the Petitioner submitted in an appellate court contesting
    >
    > the conviction or sentence, or contesting an adverse judgment or order in
    >
    > a post-conviction proceeding;
    >
    > (2) any brief that the prosecution submitted in an appellate court relating
    >
    > to

---

[1]     In this regard, Respondent has waived Federal Habeas Corpus Rule 4 regarding
service.

the conviction or sentence; and

(3) the opinions and dispositive orders of the state appellate courts relative to the conviction or sentence.

5.      Martin's reply, if any, shall be filed and served within thirty (30) days of service of an answer.

Dated at Anchorage, Alaska this 21st day of August, 2020.

s/James K. Singleton, Jr.
JAMES K. SINGLETON, JR.
Senior United States District Judge
